Muriel **SIEBERT,** Siebert for Senate, Whitney North Seymour, Jr., and Seymour Senate Campaign Committee, Plaintiffs,

v.

The **CONSERVATIVE PARTY OF NEW YORK STATE,** New York State Conservative Party State Committee, J. Daniel Mahoney, Michael R. Long, Serphim R. Maltese and James E. O'Doherty, Defendants.

No. 82 Civ. 7419 (HFW).

United States District Court, S.D. New York.

June 6, 1983.

Obermaier, Morvillo & Abramowitz, P.C. by Robert G. Morvillo, New York City, for plaintiffs.

Baker, Nelson & Williams by John P. Dellera, New York City, for defendants.

## MEMORANDUM DECISION

WERKER, District Judge.

This action arises out of the 1982 New York Republican Party primary race for the office of United States Senator. Plaintiffs, Muriel Siebert ("Siebert"), Whitney North Seymour, Jr. ("Seymour") and their respective campaign committees, challenge defendants' mailing of campaign literature on behalf of Florence M. Sullivan ("Sullivan") at the reduced third-class rate of postage. Defendants are the Conservative Party of New York State, the New York State Conservative Party State Committee and certain of their officers. Jurisdiction is predicated upon 39 U.S.C. § 3626(e). The matter presently is before the court on defendants' motion for an order dismissing the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons that follow, the motion is granted.

## FACTS

On June 15–17, 1982, the Designating Convention of the New York Republican State Committee was held for the purpose of selecting candidates to run in the Republican Party primary. During that convention, Siebert, Seymour and Sullivan were selected as the candidates to run in the primary for the United States Senate nomination. The complaint alleges that Siebert and Seymour conducted more extensive campaigns than did Sullivan but that Sullivan eventually won the primary.

Plaintiffs claim that Sullivan's victory was the result of defendants' mailing, just before the day of the primary, of more than half a million pieces of campaign literature to a specially compiled list of Republican primary voters in New York State. The literature was mailed at the reduced third-class postage rate that is accorded to "quali-

fied political committees" pursuant to 39 U.S.C. § 3626(e). The complaint describes the literature as "an 'attack piece' calculated to discredit plaintiffs and promote . . . Sullivan as the 'Reagan Republican' and 'the only candidate' who supported the President on a list of key issues" and as containing "numerous false and misleading statements on highly emotion-packed issues such as crime, national defense and the economy." Complaint ¶ 12. According to plaintiffs, the mailing violated 39 U.S.C. § 3626(e) in that it constituted an illegal use of the reduced postage rate.

## DISCUSSION

Defendants contend that the court lacks subject matter jurisdiction over the action because a private citizen may not sue another under 39 U.S.C. § 3626(e).[1] The statute does not expressly provide for the bringing of such an action. Relying on *Schiaffo v. Helstoski*, 492 F.2d 413 (3d Cir. 1974), however, plaintiffs argue that their right to maintain this action must be implied in section 3626(e) because there is no other means of enforcing the statute. In *Schiaffo*, the plaintiff, who was running against the defendant for a seat on the United States House of Representatives, sued to enjoin the defendant from mailing certain materials under his congressional frank. The Third Circuit held that the plaintiff could maintain the action under 39 U.S.C. §§ 3210–3212, which also do not expressly authorize suits brought by a private citizen against another. *Id.* at 425–27. Over a vigorous dissent, *id.* at 431–38, the majority found that, because the Postal Service had never made any attempt to enforce the statutory restrictions on the use of the frank, *id.* at 427, the plaintiff's suit "must be permitted if the intent of the statutes, as expressed by Congress, is to be effectuated." *Id.* (footnote omitted).[2]

---

1. In the papers submitted by plaintiffs in response to this motion, plaintiffs state that jurisdiction is based solely on 39 U.S.C. § 3626(e) and that, if the court finds that such jurisdiction is lacking, the complaint should be dismissed. Therefore, although defendants raise a number of other arguments in support of their

motion, the court will only address the validity of plaintiffs' claim to jurisdiction under 39 U.S.C. § 3626(e).

2. Neither the majority nor the dissenting opinions made any reference to 2 U.S.C. §§ 501(e) & 502(c), which specifically prohibited any

The *Schiaffo* majority relied heavily on *J.I. Case Co. v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964) to support its decision to imply the existence of a private right of action under the franking statutes. 492 F.2d at 425–27. In *Borak,* the Court held that a private cause of action may be brought under section 14(a) of the Securities Exchange Act of 1934 because section 27 of the Act gave the District Courts jurisdiction over all actions to enforce any liability or duty created by the Act, 377 U.S. at 431, 84 S.Ct. at 1559, and because implication of the private remedy was necessary to effectuate the purposes of section 14(a). *Id.* 377 U.S. at 431–34, 84 S.Ct. at 1559–60. After *Schiaffo* was decided, however, the Supreme Court substantially restricted the scope of the *Borak* holding. In *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15–16, 100 S.Ct. 242, 245–246, 62 L.Ed.2d 146 (1979) and *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 576–77, 99 S.Ct. 2479, 2485, 2489–90, 61 L.Ed.2d 82 (1979), the Court held that, on the question whether a given statute implicitly provides for a private right of action, the determinative factor is whether Congress intended to create the private remedy and not whether the remedy would effectuate the purposes of the statute.

The court finds that Congress did not intend to create the action at bar. Turning first to the language of the statute, *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 16, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979), section 3626 by its terms establishes a system of allowing certain defined entities to mail material at specified reduced rates. Subparagraph (e) sets forth the mailing rates for certain political committees and then explains what entities may take advantage of that rate. Section 3626(e) does not, by its terms, create a cause of action in favor of anyone, nor does it declare any conduct as being illegal. Moving on to the legislative history, it is silent on the question whether a private

court from exercising jurisdiction over the ac-

party may sue another for the improper use of a reduced mailing rate. Under these circumstances, the right to bring such an action should not be implied. *See Touche Ross & Co. v. Redington,* 442 U.S. 560, 576, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979).

The court next looks at the overall scheme of the postal statute. The statute gives the Postal Service the power "to sue and be sued in its official name," 39 U.S.C. § 401(1), "to investigate postal offenses and civil matters relating to the Postal Service," 39 U.S.C. § 404(a)(7), and "to offer and pay rewards for information and services in connection with violations of the postal laws," 39 U.S.C. § 404(a)(8). These provisions are strong evidence of an intent on the part of Congress that the postal statute be enforced by the Postal Service and not by private citizens. Moreover, section 409(a) vests the District Courts with jurisdiction "over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). There is no such grant of jurisdiction for suits by one private litigant against another. In fact, when Congress saw a need to provide a private party with access to the courts, it did so expressly. For example, section 3628 permits an "aggrieved party" who appeared before the Postal Rate Commission in hearings on rate or classification changes to appeal to a United States Court of Appeal a decision of the Board of Governors to approve the Postal Rate Commission's recommendation. 39 U.S.C. § 3628. These provisions, contrasted with the absence of any authority in the statutory scheme for the cause of action sued upon by plaintiffs, lead to the ineluctable conclusion that Congress did not intend to create the cause of action.

Plaintiffs claim that they have tried unsuccessfully to involve the Postal Service in the matter. Specifically, they aver that, when Seymour learned of the mailing of the Sullivan material, he informed a postal official of his belief that the mailing was illegal. The official stated that, since the return address bore the name of an organization qualified to mail at the reduced rate,

tion.

no further inquiry would be conducted. Plaintiffs therefore contend that a lawsuit such as this is the only means of preventing abuses of the reduced rate mailing privilege. This very well may be the case, but, since neither the language of the statute nor its legislative history suggest any intent on the part of Congress to create the cause of action, the court's inquiry must end. *California v. Sierra Club,* 451 U.S. 287, 298, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 576, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979). It is for Congress to correct the problem.

### CONCLUSION

For the reasons discussed above, the court holds that 39 U.S.C. § 3626(e) provides no basis for asserting jurisdiction over this action. Accordingly, defendants' motion for an order dismissing the complaint for lack of subject matter jurisdiction is granted.

SO ORDERED.